IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES HERNDON, (B31788), ) | |
| ) | |
| Petitioner, ) | Case No. 17 C 4356 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| STEPHANIE DORETHY, Warden, Hill ) | |
| Correctional Center, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is pro se petitioner James Herndon's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254(d)(1). For the following reasons, the Court denies Herndon's petition and further declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

**Background**

When considering habeas petitions, federal courts presume that the factual findings made by the last state court to decide the case on the merits are correct unless the habeas petitioner rebuts those findings by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Sims v. Hyatte*, 914 F.3d 1078, 1095 (7th Cir. 2019). Where Herndon has not provided clear and convincing evidence to rebut this presumption, the following factual background is based on the Illinois Appellate Court's decisions on direct and post-conviction appeal.

In February 2009, Herndon was charged with two counts of delivery of a controlled substance based on his selling less than one gram of cocaine to an undercover officer within 1,000 feet of a school. At his first appearance in the Circuit Court of Cook County, an assistance public defender represented Herndon. The same assistant public defender represented Herndon at his motion to suppress his identification. The court denied the motion to suppress, after which Herndon informed the court that he wished to represent himself. Twice, the trial court admonished

Herndon regarding the challenges of proceeding pro se and the sentence Herndon faced if convicted in light of his extensive criminal history. The trial judge also asked questions about Herndon's education, background, and voluntariness of his decision. The court then allowed Herndon to proceed pro se.

In June 2011, the matter was set for trial. Prior to trial, the court appointed Herndon counsel and the State dropped the count charging Herndon with delivery of a controlled substance within 1,000 feet of a school. At trial, a police officer testified that when he was undercover, he purchased two rocks of crack cocaine from Herndon and two rocks of crack cocaine from another individual. Afterwards, the undercover officer radioed his partners about the narcotics transaction and gave a description of Herndon. The undercover officer observed his partners talking to Herndon, but the officers did not arrest Herndon at the scene. Rather, the undercover officer identified Herndon from a photo array later that day. Herndon was subsequently arrested. A jury convicted Herndon of delivery of a controlled substance. At sentencing, Herndon represented himself and the trial judge sentenced him to a term of 10 years in prison, based in part on Herndon's extensive criminal history.

On direct appeal to the Illinois Appellate Court, Herndon, by counsel, argued: (1) the trial court violated Illinois Supreme Court Rule 401(a) by insufficiently admonishing him before allowing him to proceed pro se; (2) the prosecutor erred in both opening statements and closing arguments; and (3) ineffective assistance of trial counsel for failing to object to the prosecutor's opening and closing statements. In July 2015, the Illinois Appellate Court affirmed Herndon's conviction and sentence after which he filed a pro se petition for rehearing arguing: (1) the Illinois Rules of Evidence were violated due to an insufficient chain of custody in regard to the drug evidence; (2) his arrest was the result of a warrantless search in violation of the Fourth Amendment; and (3) the Illinois Appellate Court misinterpreted trial evidence. The Illinois Appellate Court denied the

petition for rehearing.

In August 2015, Herndon filed a pro se petition for leave to appeal ("PLA") with the Illinois Supreme Court, in which he argued: (1) his arrest was the result of a warrantless search in violation of the Fourth Amendment; (2) there was an insufficient chain of custody for the drug evidence due to an improper commingling of the evidence; (3) the trial court failed to comply with Illinois Supreme Court Rule 401(a) before allowing him to proceed pro se; (4) prosecutorial error in opening and closing arguments; and (5) ineffective assistance of trial counsel for failure to (i) challenge the commingling of drug evidence, (ii) object to the prosecution's opening and closing arguments, and (iii) preserve his Rule 401(a) challenge for appellate review. The Illinois Supreme Court denied Herndon's PLA on November 25, 2015 and his motion for reconsideration on March 7, 2016.

In the meantime, Herndon had filed a pro se post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq.* In his petition, Herndon asserted: (1) the trial court's failure to comply with Illinois Supreme Court Rule 401(a) prior to accepting his waiver of counsel violated his Fourteenth Amendment due process rights; (2) the trial court failed to inform him that he was subject to mandatory Class X sentencing based on his extensive criminal history in violation of Illinois Supreme Court Rules 401 and 402; (3) a police officer proffered perjured testimony to secure his indictment; (4) the drug evidence was improperly commingled creating an insufficient chain of custody; and (5) ineffective assistance of trial counsel for failing to (i) preserve for appellate review the trial court's noncompliance with Illinois Supreme Court Rules 401 and 402, (ii) challenge the officer's testimony as perjurious, and (iii) challenge the commingling of drug evidence. The post-conviction trial court dismissed the petition as frivolous and patently without merit. *See* 725 ILCS 5/122-2.1(a)(2).

On post-conviction appeal, Herndon's counsel moved to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), asserting any appeal lacked arguable

3

merit. The Illinois Appellate Court granted counsel's motion to withdraw and affirmed. Herndon did not file a post-conviction PLA.

**Legal Standards**

"Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court cannot issue a writ of habeas corpus on a claim rejected on the merits in state court unless the petitioner surmounts high obstacles." *Janusiak v. Cooper,* 937 F.3d 880, 888 (7th Cir. 2019). Specifically, the Court cannot grant habeas relief unless the state court's decision was contrary to, or an unreasonable application of federal law clearly established by the Supreme Court. *Williams v. Taylor,* 529 U.S. 362, 402-03, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Felton v. Bartow*, 926 F.3d 451, 464 (7th Cir. 2019). The Supreme Court has explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 405. Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *Id.* at 407; *see also Kimbrough v. Neal*, 941 F.3d 879, 882 (7th Cir. 2019) (to obtain federal habeas relief, "the state court's decision must be an unreasonable application of federal law—not a state court's resolution of a state law issue.").

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, is the duty to fairly present his federal claims to the state courts." *King v. Pfister,* 834 F.3d 808, 815 (7th Cir. 2016) (citation omitted). "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." *Crutchfield v. Dennison*, 910 F.3d 968, 972 (7th Cir. 2018).

4

**Habeas Petition**

Herndon filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254(d)(1). Construing his pro se petition liberally, *see Lund v. United States,* 913 F.3d 665, 669 (7th Cir. 2019), Herndon brings the following claims: (1) his trial counsel was constitutionally ineffective based on several grounds; (2) the drug evidence lacked a sufficient chain of custody in violation of his Fourteenth Amendment due process rights; and (3) his waiver of pretrial counsel was invalid because the trial court did not properly admonish him.

**Discussion**

*Ineffective Assistance of Counsel Claims*

Herndon asserts that his trial counsel was constitutionally ineffective under the Sixth Amendment because counsel did not argue that a police officer proffered perjured testimony to secure the indictment against Herndon, counsel failed to challenge Herndon's arrest on Fourth Amendment grounds, counsel did not preserve the pretrial waiver of counsel issue for appeal, and counsel did not challenge the commingling of drug evidence.

Herndon has procedurally defaulted all of his ineffective assistance of counsel claims because he failed to present them through one complete round of state court review before filing his habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999). Specifically, in his post-conviction petition, Herndon asserted that counsel was ineffective for failing to argue that a police officer proffered perjured testimony, but he did not exhaust this claim because he failed to file a post-conviction PLA. Also, Herndon failed to present his ineffective assistance claim based on his arrest to any state court. Last, although Herndon presented his arguments that counsel did not preserve the pretrial waiver of counsel issue for appeal and did not challenge the commingling of drug evidence in his post-conviction petition, he did not file a post-conviction PLA as required by *Boerckel*. He further failed to bring these claims on direct appeal.

After reviewing the filings, the record, and the parties' legal memoranda, Herndon has not established an exception to his procedural default by pointing to cause, prejudice, or a miscarriage of justice. *Schmidt v. Foster*, 911 F.3d 469, 487 (7th Cir. 2018) (en banc). Because Herndon has procedurally defaulted his ineffective assistance of counsel claims, the Court cannot reach the merits of his arguments. *See Crutchfield*, 910 F.3d at 972.

*Chain of Custody Claim*

Turning to Herndon's chain of custody claim, when presenting this claim to the Illinois Appellate Court on direct appeal and in his PLA to the Illinois Supreme Court, he based his arguments on Illinois' evidentiary rules, and it is well-settled that "[f]ederal habeas corpus relief is not available to correct perceived errors of state law." *Crockett v. Butler*, 807 F.3d 160, 168 (7th Cir. 2015). Put differently, when conducting habeas review, federal courts are "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," therefore, federal habeas relief is not warranted because Herndon based his chain of custody arguments on state evidentiary law. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Nevertheless, along with challenging Illinois evidentiary standards, Herndon mentioned the Fourteenth Amendment in his PLA to the Illinois Supreme Court in connection with his chain of custody claim. To exhaust his claim, however, Herndon was required to fully present his due process claim by alerting the state courts to the federal constitutional nature of his claim, including engaging in some sort of constitutional analysis. *Schmidt,* 911 F.3d at 486; *Whatley v. Zatecky*, 833 F.3d 762, 771 (7th Cir. 2016). Although Herndon mentions the Fourteenth Amendment, he did not engage in any constitutional analysis when presenting this claim in his PLA. Also, Herndon's citations in support of this claim only discuss Illinois' evidentiary rules, not Fourteenth Amendment due process concerns. *See, e.g., People v. Cowans*, 782 N.E.2d 779, 784, 270 Ill.Dec. 220, 225, 336 Ill.App.3d 173, 177 (1st Dist. 2002); *People v. Terry*, 570 N.E.2d 786, 788, 156 Ill.Dec. 310, 312, 211

Ill.App.3d 968, 972 (1st Dist. 1991). Herndon has therefore procedurally defaulted his due process claim.

Even though Herndon does not argue that there is cause and prejudice or that the miscarriage of justice exception applies, ineffective assistance of counsel claims may excuse procedural default. *Davila v. Davis*, 137 S.Ct. 2058, 2065, 198 L.Ed.2d 603 (2017). To set aside procedural default, however, a petitioner's ineffective assistance claims "must themselves be preserved," which is not the case here. *Richardson v. Lemke*, 745 F.3d 258, 272 (7th Cir. 2014). As such, Herndon has not established an exception to his procedural default.

*Waiver of Counsel*

In his habeas petition, Herndon argues that his waiver of pretrial counsel was invalid because the trial court did not properly admonish him. Herndon now frames this argument as a Sixth Amendment and Fourteenth Amendment claim, but when he presented this argument to the state courts, he based it on the trial court's failure to comply with Illinois Supreme Court Rule 401(a). As discussed, errors of state law are not cognizable on habeas review because they do not implicate constitutional concerns. *Crockett,* 807 F.3d at 168; 28 U.S.C. § 2254(a). Thus, the Court cannot review this last claim under § 2254(d)(1).

**Certificate of Appealability**

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; 28 U.S.C. § 2253(c)(2). Under this standard, Herndon must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citation and quotation marks omitted).

Here, Herndon has not established reasonable jurists would debate that his claims challenging state evidentiary and procedural law were not cognizable on habeas review. Also, a reasonable jurist would not debate that the Court erred in its procedural default determinations. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). The Court therefore declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Conclusion**

For these reasons, the Court denies petitioner's petition for a writ of habeas corpus [1] and declines to certify any issues for appeal. *See* 28 U.S.C. §§ 2253(c)(2), 2254(d)(1). Civil case terminated.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Judge

DATED: 2/18/2020